Court, is granted pending the timely filing and disposition of a petition for writ of certiorari. JUSTICE BRENNAN and JUSTICE STEVENS would deny the application.

No. D–317. IN RE DISBARMENT OF MACK. Disbarment entered. [For earlier order herein, see 460 U. S. 1008.]

No. D–324. IN RE DISBARMENT OF JAVITZ. Disbarment entered. [For earlier order herein, see 460 U. S. 1019.]

No. 80–1640. UNITED STATES NUCLEAR REGULATORY COMMISSION ET AL. v. SHOLLY ET AL.; and

No. 80–1656. METROPOLITAN EDISON CO. ET AL. v. PEOPLE AGAINST NUCLEAR ENERGY ET AL., 461 U. S. 912. Motion of respondents for reconsideration of the Court's order denying their motion to retax costs denied.

JUSTICE BLACKMUN, dissenting.

In order to facilitate maintenance and cleaning following the 1979 accident at a nuclear reactor at Three Mile Island, petitioner Nuclear Regulatory Commission approved an amendment to the reactor's operating license authorizing the venting of accumulated radioactive gas. Respondents, several individuals who reside near Three Mile Island and an organization opposed to nuclear power, filed an action in the United States Court of Appeals for the District of Columbia Circuit challenging the Commission's determination that it could approve the amendment without a hearing.

Before the Court of Appeals acted on the case, the venting process was completed. The court eventually held that the case was not moot because the situation was capable of repetition yet evading review. On the merits, the court agreed with respondents that the Commission lacked authority under § 189 of the Atomic Energy Act, 42 U. S. C. § 2239, to dispense with a hearing before amending a license. 209 U. S. App. D. C. 59, 651 F. 2d 780 (1980) *(per curiam)*. The Commission then proposed to Congress legislation that would authorize similar license amendments without a hearing.